[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13937
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00242-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNOLD KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 31, 2015)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Arnold Knight appeals his 24-month sentence, imposed following revocation of his term of supervised release and ordered to run consecutively to his state sentence of 30 years' imprisonment.  On appeal, Knight argues that his revocation sentence is procedurally and substantively unreasonable.  After review, we affirm.

## I.  BACKGROUND FACTS

In 2008, Defendant Knight pled guilty to possessing an unregistered short-barrel shotgun, in violation of 26 U.S.C. § 5861(d).  After serving his 43-month prison term, Defendant Knight began serving his three-year supervised release term in June 2011.  Two conditions of Knight's supervised release were that he not commit another crime or unlawfully use any controlled substance.

In October 2012, Knight's probation officer petitioned to revoke Knight's supervised release based on Knight's: (1) September 26, 2012 attack on his former girlfriend with a steel pipe, for which a Florida state charge of attempted murder was pending; (2) July 5, 2011 threat to kill a man, for which Knight was arrested on an Alabama state charge of harassment; and (3) positive tests for cocaine use on August 9, 2011, and October 5, 2011, and admissions by Knight that he had used cocaine three other times, on August 5, 2011, August 6, 2011, and November 10, 2011, despite the fact that Knight was enrolled in an intensive outpatient treatment program.

2

In July 2014, after a jury convicted Knight of attempted murder and a Florida court sentenced him to thirty years in prison, the probation officer filed an amended petition alleging the same three violations.  Knight waived his right to an initial revocation hearing and admitted the violations as charged in the amended petition.

At his final revocation hearing, Knight did not request a particular sentence, but requested that any sentence imposed run concurrent to his state sentence. Knight argued that: (1) he was required to serve 85 percent of his thirty-year state sentence and would not be released until 2037; (2) a consecutive federal sentence "20 years from now" would not serve any purpose and "would probably interfere with his reintegration into the community when he is released"; and (3) "the state court, I'm sure, considered [Knight's] record in imposing that 30-year sentence and the fact that he was on probation at the time that he committed that [attempted murder]."  In response, the government asked for a 24-month sentence, at the high end of the advisory guidelines range, and for the sentence to run consecutive to the state sentence because Knight "owes that to this Court related to the underlying firearms charge that he was serving the sentence and was on supervised release for."

After listening to the parties' arguments, the district court stated that it had "considered the chapter seven provisions in this case," and noted that the resulting

3

range was 18 to 24 months.  The district court found "the 24-month sentence to be appropriate in this case," and "that a consecutive sentence is appropriate, given all the facts and circumstances of this case."  After revoking Knight's supervised release, the district court reiterated that the "chapter seven provisions are appropriate," and imposed a 24-month sentence "to be consecutive to the sentence [Knight is] now serving in the state of Florida."  The district court imposed a new 12-month term of supervised release following Knight's 24-month prison term, stated that all previous conditions of supervised release applied, and added the condition that Knight was not to have contact with his former girlfriend or her children.

The district court asked whether there were any objections to its "findings and conclusions and the manner in which the sentence was imposed."  Knight's counsel responded, "Judge, I think the length of the sentence is unreasonable, in light of the sentence that he's serving in Florida."

## II.  DISCUSSION

When a defendant violates a condition of supervised release, the district court may revoke the supervised release term and impose a prison term.  See 18 U.S.C. § 3583(e)(3).  Before imposing a prison term upon revocation, the district

4

court must consider certain factors in 18 U.S.C. § 3553(a). Id. § 3583(e).[1] The district court also must consider the policy statements in Chapter 7 of the Sentencing Guidelines, which includes, inter alia, non-binding ranges of imprisonment. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).

According to the policy statements in Chapter 7, any sentence imposed upon revocation is a sanction for the defendant's breach of trust, and, as such, "should be in addition, or consecutive, to any sentence imposed for the new conduct." U.S.S.G. ch. 7, pt. A, 3(b). Thus, Chapter 7 also provides that "[a]ny term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation." U.S.S.G. § 7B1.3(f); see also id. ch. 7, pt. B, introductory cmt.

Ordinarily, we review a sentence imposed upon the revocation of supervised release for reasonableness, applying the deferential abuse of discretion standard. United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). In reviewing for reasonableness, we first consider whether the district court committed any

---

[1]Specifically, the district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training and medical care; (3) the Sentencing Guidelines range and pertinent policy statements of the Sentencing Commission; (4) the need to avoid unwarranted sentencing disparities; and (5) the need to provide restitution. See 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7)).

significant procedural error and then whether the sentence is substantively unreasonable in light of the relevant § 3553(a) factors and the totality of the circumstances.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  The party challenging the sentence has the burden to show it is unreasonable.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

## A.    Procedural Reasonableness

As to procedural reasonableness, Knight argues that the district court "failed to make sufficient findings to support" running Knight's federal prison term consecutive to his state sentence.  Knight did not object to the adequacy of the district court's explanation for the consecutive sentence during the revocation hearing, arguing only that "the length of the sentence is unreasonable."  Where the defendant "did not object to the procedural reasonableness at the time of his sentencing, we review for plain error."  Vandergrift, 754 F.3d at 1307.

Here, Knight has not shown error, much less plain error.  Under our precedent, although the district court must adequately explain the chosen sentence, it is not required to explicitly discuss each of the § 3553(a) factors on the record. United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008); see also 18 U.S.C. § 3553(c).  Furthermore, "the district court is not required to give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission."  Livesay, 525 F.3d at 1090.

6

The district court explained that Chapter 7's call for a consecutive sentence was appropriate under the "facts and circumstances" of Knight's case. While this explanation was brief, nothing in the record suggests that Knight's case was atypical and warranted anything less than the consecutive sentence generally contemplated by the Sentencing Commission. Indeed, Knight's arguments for a concurrent sentence were also brief and were either inconsistent with the Commission's policy statements or not based on facts in the record.

Knight contended that a consecutive sentence would not "serve any purpose" and would "probably interfere with his reintegration into the community when he is released," without explaining how that claim was true. Indeed, sanctioning Knight for his abuse of the district court's trust is more likely to ensure that Knight complies with the conditions of his new 12-month term of supervised release and thus successfully reintegrates into the community. Knight also suggested that the state court had considered Knight's federal supervised release in imposing the thirty-year sentence, but did not provide any evidence that the state court had in fact done so. Under the circumstances, we cannot say the district court was required to give a more detailed explanation of its decision to impose a consecutive sentence.

**B.    Substantive Reasonableness**

7

We also cannot say that the 24-month consecutive term was substantively unreasonable.  Knight's term is within both the statutory range of no more than two years and the advisory guidelines range of 18 to 24 months.  See 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a).  As already noted, the Sentencing Guidelines generally contemplate any prison sentence imposed upon revocation is to be served consecutive to any other sentence for the underlying criminal conduct.  See U.S.S.G. § 7B1.3(f).  Knight admitted using cocaine on multiple occasions and committing two crimes, including attempting to murder his former girlfriend with a steel pipe.  In light of these circumstances, we conclude a 24-month sentence to be served consecutive to his thirty-year state sentence for attempted murder is not outside the range of reasonable sentences.

**AFFIRMED.**

8